IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARTHUR JOHNSON**, | : | CIVIL ACTION NO. 1:16-CV-863 |
| Plaintiff | : | |
| | : | (Chief Judge Conner) |
| v. | : | |
| | : | |
| **JOHN WETZEL**, Secretary of the Pennsylvania Department of Corrections, *et al.*, | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, this 10th day of August, 2016, upon consideration of the court's memorandum (Doc. 45) and order (Doc. 46) dated August 5, 2016, granting in part and deferring in part the motion (Doc. 39) to compel discovery filed by plaintiff Arthur Johnson ("Johnson"), wherein the court determined that Johnson has overcome the deliberative process privilege asserted by defendants with respect to certain documents requested *sub judice*, but otherwise determined to defer, pending *in camera* inspection, any ruling concerning defendants' assertion that disclosure of said documents implicates institutional security and individual safety concerns, and that at least one document is protected attorney work product, and, following an *in camera* inspection, and upon review of the declaration of John Wetzel, Secretary of the Pennsylvania Department of Corrections, stating with particularity the nature and source of the threat posed by disclosure of the requested documents, and defendants' proposed confidentiality agreement, the court finding, with respect to defendants' security risk assertions, that public disclosure of the requested documents may jeopardize both institutional security

and the individual safety of correctional officers, staff, and inmates, and that defendants' proposed confidentiality order strikes an appropriate balance between the need to produce uniquely probative discovery to counsel for Johnson while mitigating institutional security and individual safety concerns attending broader disclosure, see, e.g., Mincy v. Chmielewski, No. 1:05-CV-292, 2006 WL 3042968, at *2 (M.D. Pa. Oct. 25, 2006); and the court finding further, with respect to defendants' assertion of attorney work product privilege as to one document in particular, to wit: an email between Jaime Boyd ("Boyd") and Theron Perez ("Perez"), counsel for the Department, that said document does in fact reflect the legal opinions of counsel for the Department with respect to the subject matter of this litigation and is thus privileged, see FED. R. CIV. P. 26(b)(3), it is hereby ORDERED that:

1. Johnson's motion (Doc. 39) to compel is DENIED with respect to the Boyd and Perez email.

2. Subject to the requirement that all counsel execute the proposed confidentiality order prepared by defendants and reviewed by the undersigned, Johnson's motion (Doc. 39) to compel is otherwise conditionally GRANTED.

3. Upon execution by all parties of defendants' proposed confidentiality agreement and filing of same with the court, defendants shall forthwith produce to Johnson's counsel, in unredacted form, the following:

    a. Four (4) DC-46 vote sheets, dated September 21, 2012, October 16, 2013, August 28, 2014, and August 20, 2015;
    b. Three RRL annual review sheets;
    c. The memorandum from Senior Policy Analyst Madeline McPherson to John Wetzel, Secretary of the Department of Corrections ("Department") dated October 23, 2015;
    d. The "RRL Checklist";

      e.      Four annual RRL psychological evaluations dated January 13, 2012, August 19, 2013, November 20, 2014, and October 6, 2015;
      f.      The memorandum from Superintendent Michael Barone to Secretary Wetzel dated August 4, 2009;
      g.      The custodial status of similarly-situated inmates is relevant to Johnson's instant constitutional claims;
      h.      The "Integrated Case Summary – Classification"; and
      i.      The "inmate Query – Separations."

4.    Violation of the anticipated confidentiality agreement by any party thereto may result in the imposition of appropriate sanctions.

                       /S/ CHRISTOPHER C. CONNER
                       Christopher C. Conner, Chief Judge
                       United States District Court
                       Middle District of Pennsylvania