## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARTHUR JOHNSON,** | : | **CIVIL ACTION NO. 1:16-CV-863** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN WETZEL**, Secretary of | : | |
| the Pennsylvania Department of | : | |
| Corrections, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 20th day of September, 2016, upon consideration of the
motion (Doc. 3) for preliminary injunction by plaintiff Arthur Johnson ("Johnson"),
the parties' briefs (Docs. 4, 33, 34) and proposed findings of fact and conclusions of
law (Docs. 65-66) in support of and opposition to said motion, respectively, and the
evidence presented during the preliminary injunction hearings convened on July 6,
2016, and August 11, 2016, and further upon consideration of Johnson's motion
(Doc. 60) to unseal testimony, and for the reasons set forth in the accompanying
memorandum, it is hereby ORDERED that:

1.  Johnson's motion (Doc. 3) for preliminary injunction is GRANTED.

2.  Subject to development and implementation of the program set forth
    in paragraph 3 below, defendants are PRELIMINARILY ENJOINED
    from maintaining Johnson in solitary confinement in the restricted
    housing unit.

3.     The parties are DIRECTED to forthwith meet and confer with the goal of jointly developing an appropriate step-down program for Johnson's reintegration into general population, with the goal of achieving said reintegration within ninety (90) days of the date of his transfer to an appropriate facility having a step-down program or capabilities in place.

4.     On or before **Wednesday, September 28, 2016**, the parties shall submit a joint proposed step-down program for the court's review and approval, or in the event the parties are unable to agree, separate proposals for the court's consideration.

5.     The step-down program identified in paragraphs 3 and 4 shall, at minimum:

   a.     Provide Johnson with progressively increasing out-of-cell time and opportunities for social interaction with other inmates and with visitors;

   b.     Provide for effective monitoring of Johnson's mental health progress, with mental health staff assisting in the reintegration and resocialization process by providing out-of-cell therapy and treatment to ameliorate the effects of Johnson's prolonged isolation; and

   c.     Continue to provide the above-described mental health counseling for as long as necessary upon Johnson's successful reintegration to general population.

6.     In the event defendants determine that Johnson's reintegration must be delayed for reasons of his own safety or the safety of others, for example, in the event of serious misconduct, require defendants to document in detail their reasons for the delay and submit said documentation to the court forthwith.

7.     The court finds that the relief granted hereinabove is narrowly drawn, extends no further than necessary to correct the harm requiring relief, and is the least intrusive means necessary to correct that harm. See 18 U.S.C. § 3626(a)(2).

8.    Johnson's motion (Doc. 60) to unseal testimony of Siena Smith is GRANTED.  The Clerk of Court shall UNSEAL the transcript (Doc. 63) of Siena Smith's testimony and the parties' proposed findings of fact and conclusions of law (Docs. 65-66) forthwith.


                              /S/ CHRISTOPHER C. CONNER
                              Christopher C. Conner, Chief Judge
                              United States District Court
                              Middle District of Pennsylvania